IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEN HOLLO,                                      3:14-CV-00366-BR

       Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


**GEORGE J. WALL**
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JOHN C. LAMONT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3703

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Ken Hollo seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

       Plaintiff filed an application for SSI on April 29, 2011, and alleged a disability onset date of April 29, 2011. Tr. 167.[1]  His application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on April 16, 2013.  Tr. 40-70.  At the hearing Plaintiff

---

     [1] Citations to the official transcript of record filed by the Commissioner on September 22, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

and a vocational expert (VE) testified.  Plaintiff was
represented by an attorney.

On May 17, 2013, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 20-39.  On January 28, 2014, that decision
became the final decision of the Commissioner when the Appeals
Council denied Plaintiff's request for review.  Tr. 1-7.  *See
Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

At some point Plaintiff filed another application for SSI.
The SSA approved Plaintiff's second application finding him
disabled from March 10, 2014, forward.  Accordingly, in this
action Plaintiff challenges the Commissioner's finding that he
was not disabled for the closed period of April 29, 2011, through
March 9, 2014.


<u>BACKGROUND</u>

Plaintiff was born on March 23, 1959, and was 53 years old
at the time of the hearing.  Tr. 167.  Plaintiff has a seventh-
grade education.  Tr. 195.  He has past relevant work experience
as a transmission and automobile mechanic.  Tr. 32, 60.

Plaintiff alleges disability due to cervical degenerative
disc disease, depression, and anxiety.  Tr. 24, 167.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the

medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 26-30.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found "[t]he record strongly suggests the claimant has engaged in substantial gainful activity (SGA) since his alleged onset date. . . .  He has not met his burden of

proof in showing that he has not engaged in SGA."  Tr. 22.  The
ALJ also found "there has been no continuous 12-month period
during which the claimant has not engaged in substantial gainful
activity."  Tr. 23.  Nevertheless, the ALJ completed the entire
five-step analysis "to give full consideration to [Plaintiff's]
application."  Tr. 24.

At Step Two the ALJ found Plaintiff has the following severe
impairments:  cervical degenerative disc disease, neuroforaminal
stenosis of the cervical spine, and cocaine and other drug
dependence in remission.  Tr. 24.

At Step Three the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff
has the RFC to perform "less than the full range of light work."
Tr. 25.  The ALJ found Plaintiff should never climb ladders,
crawl, or bend his head back to look upwards.  Tr. 25.  The ALJ,
however, found Plaintiff could occasionally reach overhead
bilaterally and grip, grasp, turn, and finger with his left hand.
The ALJ also found Plaintiff could have occasional public
contact.  Tr. 25.

At Step Four the ALJ concluded Plaintiff is unable to
perform his past relevant work.  Tr. 32.

At Step Five the ALJ found Plaintiff can perform jobs that
exist in significant numbers in the national economy.  Tr. 33.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found Plaintiff had engaged in SGA after January 1, 2012; (2) improperly rejected the opinion of Plaintiff's treating naturopath, Vanessa Esteves, N.D.; and (3) improperly rejected the opinion of Plaintiff's treating physician, Darrell Lockwood, M.D.

**I.   The ALJ erred when he found Plaintiff had engaged in SGA after January 1, 2012, but the error was harmless.**

Plaintiff asserts the ALJ erred when he found Plaintiff had engaged in SGA after January 1, 2012, because the ALJ did not identify any evidence in the record to support his finding and the record does not contain any evidence that Plaintiff worked after December 31, 2011.[2]  The Court agrees.

The ALJ notes the record reflects Plaintiff was working in March 2011, April 2011, June 2011, September 2011, October 2011, and November 2011.  Tr. 22.  The record also reflects Plaintiff reported to various counselors and medical professionals that he was working throughout 2011.  The ALJ, however, does not identify any evidence nor does the record contain any evidence to support the ALJ's finding that Plaintiff engaged in SGA after 2011. Accordingly, the Court finds the ALJ erred when he concluded

---

[2] Plaintiff does not challenge the ALJ's finding that Plaintiff engaged in SGA through December 31, 2011.

9 - OPINION AND ORDER

Plaintiff engaged in SGA after 2011.

The Court, however, concludes the ALJ's error at Step One was harmless in light of the fact that the ALJ conducted the full five-step analysis and because the Court concludes below that the ALJ did not err in his analyses of Steps Two - Five nor in his ultimate opinion that Plaintiff is not disabled. *See Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)(the court may find harmless error when it is clear from the record that the ALJ's error is "inconsequential to the ultimate nondisability determination.").

## II. The ALJ did not err when he rejected the opinion of N.D. Esteves, treating naturopath.

Plaintiff contends the ALJ erred when he rejected the March 20, 2013, opinion of N.D. Esteves, Plaintiff's treating naturopath. On March 20, 2013, N.D. Esteves completed a medical source opinion in which she noted her clinic had treated Plaintiff since May, 2012. She reported Plaintiff suffers from brachial neuritis, radiculitis, displacement of cervical disc, degenerative joint disease, and chronic pain. Tr. 992. N.D. Esteves opined Plaintiff cannot lift more than ten pounds, can walk two or three city blocks, and can sit and stand/walk for less than two hours at a time. Tr. 992. N.D. Esteves noted Plaintiff needs to switch from standing to sitting at will while at work and needs breaks four-to-six times per day for 30-to-45 minutes. Tr. 993. N.D. Esteves opined Plaintiff's symptoms

10 - OPINION AND ORDER

would interfere with his ability to work for up to two-thirds of the workday and would cause him to miss work more than two days per month.  Tr. 995.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  Naturopaths are not acceptable medical sources.  *Brainard v. Astrue*, No. 3:11-CV-00809-RE, 2013 WL 773735, at *2 (D. Or. Feb. 28, 2013).  Factors the ALJ should consider when determining the weight to give an opinion from those not acceptable sources include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, the relevance of the source's opinion, the quality of the source's explanation of his opinion, and the source's training and expertise.  SSR 06-03p, at *4.  The ALJ must explain the weight assigned to not acceptable medical sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

The ALJ rejected N.D. Esteves's opinion on the ground that

it is inconsistent with her treatment notes.  For example,
N.D. Esteves notes her clinic had treated Plaintiff since May
2012, but the record reflects Plaintiff's first visit to the
clinic was in September 2012.  In addition, the ALJ noted
N.D. Esteves only saw Plaintiff three times before she offered
her opinion.  Moreover, although N.D. Esteves indicates Plaintiff
cannot lift ten pounds even occasionally, Plaintiff's
examinations consistently show normal muscle strength, bulk, and
tone.  Tr. 984, 986, 988.  N.D. Esteves stated Plaintiff must lie
down and cannot sit for more than two hours per day, but her
treatment notes indicate Plaintiff slept in a seated position,
which was more comfortable for his back.  Tr. 984, 986, 988.

On this record the Court concludes the ALJ did not err when
he rejected the May 2013 opinion of N.D. Esteves because the ALJ
provided legally sufficient reasons supported by substantial
evidence in the record for doing so.

**III. The ALJ did not err when he gave only "some weight" to the opinion of Plaintiff's treating physician, Dr. Lockwood.**

Plaintiff asserts the ALJ erred when he gave only "some
weight" to the September 23, 2011, opinion of Dr. Lockwood.

On September 16, 2011, Dr. Lockwood examined Plaintiff and
drafted a "To Whom It May Concern" letter in which he noted
Plaintiff "suffers from severe cervical spine disease.  His
condition prevents him from doing heavy physical work including
working overhead, pulling on wrenches, lifting, and reaching.  He

12 - OPINION AND ORDER

is able to do office work." Tr. 475.  The record reflects
Plaintiff contacted Dr. Lockwood's office on September 23, 2011,
and asked him to modify the letter to "indicate that [Plaintiff]
has loss of motor skills and that the only office work he can do
is answer phones (he cannot read or write)." Tr. 474.  Without
further examination, Dr. Lockwood modified his letter on
September 23, 2011, and indicated Plaintiff "is able to answer
phones, but is not able to do other kinds of office work because
of limitations of reading and writing." Tr. 473.

    An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial
evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957
(9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751
(9th Cir. 1989)).  When the medical opinion of a treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

    The ALJ gave only some weight to Dr. Lockwood's
September 23, 2011, opinion on the ground that the record does
not support Dr. Lockwood's finding that Plaintiff "is precluded
from all overhead reaching, or all lifting and reaching."
Tr. 29.  The ALJ pointed out that Dr. Lockwood's treatment notes

13 - OPINION AND ORDER

also indicate he questioned Plaintiff's credibility.
Specifically, in December 2011 Dr. Lockwood stopped prescribing
narcotics for Plaintiff after Plaintiff had a urine drug screen
(UDS) that came back positive for cocaine and negative for the
"opioids" prescribed by Dr. Lockwood, which "suggest[ed]
[Plaintiff] may be selling his narcotics."  Tr. 834, 836.  The
ALJ also pointed out that on a number of occasions Dr. Lockwood
noted he did not trust Plaintiff.  Specifically, Dr. Lockwood
reported he did not trust Plaintiff or his girlfriend with
respect to refills of narcotics:  "[E]verytime I deal with them
[alarm] bells go off."  Tr. 400-01.  Dr. Lockwood also stated in
his April 2010 chart notes that he did not trust Plaintiff.
Tr. 384.  Nevertheless, Dr. Lockwood adjusted his original
letter to include limitations requested by Plaintiff even though
Dr. Lockwood did not initially report them when he examined
Plaintiff.  The ALJ also noted, contrary to Dr. Lockwood's
assertion that Plaintiff was limited to office work only
answering telephones, the record reflects Plaintiff reported
working on cars in July, September, and August 2011 and in
November 2011 he helped a friend with yard work.  Tr. 476, 517,
555, 851.  In addition, James E. Bryan, Ph.D., examining
neuropsychologist, noted Plaintiff's Test of Memory Malingering
(TOMM) scores were "consistent with, at best, lack of interest or
effort, and more likely deliberate under-performance on this

measure."  Tr. 277.

On this record the Court concludes the ALJ did not err when he rejected the September 23, 2011, opinion of Dr. Lockwood because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.


<u>**CONCLUSION**</u>

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 29th day of May, 2015.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge


15 - OPINION AND ORDER